# United States District Court
# For the Northern District of New York

UNITED STATES OF AMERICA,

v.

TIMOTHY BOWMAN,

        Defendant.

DEFENDANT'S PROFFER
IN SUPPORT OF RELEASE
UNDER 18 U.S.C. §3142

Criminal Action Number:
5:18-CR-427 (FJS)

## DEFENDANT'S PROFFER IN SUPPORT OF RELEASE

1)     The following remarks, observations, information, and evidence are proffered to the Court in aid of release arguments to be made herein.

## PROCEDURAL HISTORY AND BACKGROUND

2)     TIMOTHY BOWMAN is named in but a single count of conspiracy in a seven-count indictment herein (and generally along with all defendants in a single paragraph of a forfeiture allegation). He has entered a plea of not guilty thereto.

3)     He is not named therein with respect to any offense concerning cocaine base.

4)     He is not named in any allegation regarding enhanced punishments for prior offenses.

5)     Title 18 United States Code §3142 governs release of a defendant pending trial for an offense, and subparagraph (a) thereof is drawn in mandatory, not permissive, language:

18 United States Code § 3142 - Release or detention of a defendant pending trial

(a) In General.—Upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be—
(1) released on personal recognizance or upon execution of an unsecured appearance bond, under subsection (b) of this section;
(2) released on a condition or combination of conditions under subsection (c) of this section;
(3) temporarily detained to permit revocation of conditional release, deportation, or exclusion under subsection (d) of this section; or
(4) detained under subsection (e) of this section.

6) The statute specifically provides fourteen conditions, or any combination of those conditions, that can be imposed to meet the requirements for release that would reasonably assure the appearance of the person as required and will not endanger the safety of any other person or the community.[1]

---

[1] (c) Release on Conditions.—
(1) If the judicial officer determines that the release described in subsection (b) of this section will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person—
(A) subject to the condition that the person not commit a Federal, State, or local crime during the period of release and subject to the condition that the person cooperate in the collection of a DNA sample from the person if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. 14135a); 1 and
(B) subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community, which may include the condition that the person—
(i) remain in the custody of a designated person, who agrees to assume supervision and to report any violation of a release condition to the court, if the designated person is able reasonably to assure the judicial officer that the person will appear as required and will not pose a danger to the safety of any other person or the community;
(ii) maintain employment, or, if unemployed, actively seek employment;
(iii) maintain or commence an educational program;
(iv) abide by specified restrictions on personal associations, place of abode, or travel;
(v) avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense;
(vi) report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency;
(vii) comply with a specified curfew;
(viii) refrain from possessing a firearm, destructive device, or other dangerous weapon;
(ix) refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802), without a prescription by a licensed medical practitioner;
(x) undergo available medical, psychological, or psychiatric treatment, including treatment for drug or alcohol dependency, and remain in a specified institution if required for that purpose;
(xi) execute an agreement to forfeit upon failing to appear as required, property of a sufficient unencumbered value, including money, as is reasonably necessary to assure the appearance of the person as required, and shall provide the court with proof of ownership and the value of the property along with information regarding existing encumbrances as the judicial office may require;
(xii) execute a bail bond with solvent sureties; who will execute an agreement to forfeit in such amount as is reasonably necessary to assure appearance of the person as required and shall provide the court with information regarding the value of the assets and

7) The release statute provides the factors which shall be weighed and considered by a judicial officer in reaching terms of release in §3142(g).[2]

8) While a presumption against release may be present here under 18 United States Code §3142(e), such presumption is a rebuttable one. This submission and proffer meet the defendant's burden of production. In such circumstance, only the burden of production shifts to the defendant, not the burden of proof.

9) Courts and reason decry laws that automatically place or keep someone in jail or prison and deprive them of their liberty.

10) In this case, there are things we know about TIMOTHY BOWMAN and things we believe. All of them relate to the release factors contained in 18 United States Code §3142(g).

---

liabilities of the surety if other than an approved surety and the nature and extent of encumbrances against the surety's property; such surety shall have a net worth which shall have sufficient unencumbered value to pay the amount of the bail bond;
(xiii) return to custody for specified hours following release for employment, schooling, or other limited purposes; and
(xiv) satisfy any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community.
In any case that involves a minor victim under section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of this title, or a failure to register offense under section 2250 of this title, any release order shall contain, at a minimum, a condition of electronic monitoring and each of the conditions specified at subparagraphs (iv), (v), (vi), (vii), and (viii).
(2) The judicial officer may not impose a financial condition that results in the pretrial detention of the person.

[2] (g) Factors To Be Considered.—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
(2) the weight of the evidence against the person;
(3) the history and characteristics of the person, including—
(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

## **RISK OF FLIGHT**

11) TIMOTHY BOWMAN is in no way, shape or form a credible or realistic risk of flight.

   a. He was born, raised and has resided in this same community for his entire life.

   b. He has never resided elsewhere.

   c. He is possessed of no contacts or resources in any other place within the jurisdiction, or without the jurisdiction, that would allow him to abscond. There is no greater definition of the term "homebody" then him.

   d. He does not have the financial resources upon which to flee and establish a life elsewhere beyond the reach of the courts.

   e. The only community contacts and family ties he realistically has, or developed during his lifetime, are where he has always resided.

   f. That, as his counsel, there has been delivered to me his United States Passport for safe keeping, which may upon entry of an Order of Release, be surrendered to the Clerk of Courts during the pendency of this proceeding.

   g. Upon information and belief, he may meet the requirements of Safety Valve relief sparing him and this Court from the jeopardy of mandatory minimum sentencing.

   h. Upon information and belief, he may similarly qualify for the benefits of the newly enacted First Step Act.

   i. In short, TIMOTHY BOWMAN has nowhere to go and no way to support a life elsewhere beyond his own lifelong community and family here.

12) We know, or have learned, in addition to the factual recitations presented immediately above, that with respect to the history and characteristics of TIMOTHY BOWMAN:

a. That there are presented herewith letters of support and good character attesting that the life TIMOTHY BOWMAN, has lived is a good life. The letters submitted are from people who are possessed of common sense, cannot be fooled over a long period of time, and who have known TIMOTHY BOWMAN in a variety of situations. They are people who know TIMOTHY BOWMAN better and longer then the prosecution, the probation department, or the Court. As such, we are right and prudent to rely upon their assessments and evaluations of TIMOTHY BOWMAN.

b. TIMOTHY BOWMAN is the father of two children and is very involved in their lives and care. He acts in the role of care provider to his two daughters while their mother works at a local hospital. TIMOTHY BOWMAN is very involved in his daughter's school activities and sports. The cost of such care would otherwise be prohibitive, and this provides a meaningful savings and financial relief to this family. The fact that this role is filled by their own father is even more meaningful and beneficial to their daily lives and development. Please see the submitted photographs with respect thereto.

c. As evidenced by the attached correspondence, TIMOTHY BOWMAN also works fifteen to twenty hours per week at a barber shop on Wolf Street in Syracuse, and that work is available to him still. The letter attests to his good performance and attitude in that capacity.

d. TIMOTHY BOWMAN, as seen by the attached, has earned his High School Equivalency Diploma from the State of New York Department of Education.

e. TIMOTHY BOWMAN, as also seen by the attached, has furthered his education and skills by successfully completing through OCMBOCES in March a course of study as an Electrical Maintenance Technician.

f.  TIMOTHY BOWMAN has never been treated for an addiction to drugs or dependent upon alcohol, which bodes beneficially toward proper compliance with the terms and conditions of release.

g.  TIMOTHY BOWMAN, upon information and belief has no history of bench warrants from any court, or history of absconding, or any alleged failure to appear before a court.

h.  TIMOTHY BOWMAN is not presently under a sentence from any court or subject to any form of supervision of probation or parole in any jurisdiction, whether federal, state, or local, nor was he under any such a sentence or supervision when the allegations herein arose.

i.  As to the weight of the evidence, TIMOTHY BOWMAN still remains presumed innocent. Furthermore, we should not, allow the government to place undue emphasis on the strength of its case against the accused, according to caselaw. The Bail Reform Act neither requires nor permits pretrial determination that a person is guilty. The weight of evidence factor is designated least important of the factors to be considered in judging risk of flight or danger to community.

j.  When released upon terms by this Court, TIMOTHY BOWMAN will reside with his children and their mother here in Syracuse in a good neighborhood in the city. The home is a very stable and proper residence. Pictures of the home, outside and in, are proffered herewith to demonstrate the same.

k.  There is much good in the makeup of TIMOTHY BOWMAN, irrespective of these charges. He suffers no mental or physical condition that would render supervision or release problematic. Despite the nature of the allegations in the instant case, TIMOTHY BOWMAN is in fact a good man, son, father, and is reliable as is demonstrated by those who know him,

respect him and love him. He would be completely amenable to supervision by this Court and the Probation Department.

## DANGEROUSNESS

13)   Under direction of the statute in fashioning release conditions, the Court is to consider the nature and seriousness of perceived danger to any person or the community that would be posed by such person's release at the government's heightened burden of clear and convincing evidence.

14)   However, as we have seen in the past, even if a Court does not find that the presumption of dangerousness has been rebutted, the Court may still and nonetheless grant release by fashioning terms and conditions which ensure that dangerousness is reduced, mitigated or eliminated.

15)   Any and all such conditions imposed by the Court will be complied with, abided by, and strictly observed, thereby alleviating any such probability of danger to the community or to another person.

16)   As aforesaid, by its express language, the Bail Reform Act demonstrates its favorable inclination toward pretrial release of federal criminal defendants.

17)   In the event that either risk of flight or danger to the community is found, the Court still must next determine whether there are any conditions or combination of conditions for release, and fashion the same.

18)   If the Court cannot find that unconditional release will reasonably assure appearance as required, or guard against danger to the community, then release shall be ordered upon the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community, including, though not limited to, conditions specifically listed within the statute.

Case 5:18-cr-00427-FJS   Document 34   Filed 01/14/19   Page 8 of 8

Page **8** of **8**

19) Viewed differently, even if this were a sentencing hearing, the Court would be guided by and governed by the parsimony clause to impose a sentence sufficient, but not greater than necessary, to achieve the stated and defined goals and purposes. Release is viewed in a similar context, by analogy.

20) The Court here can create, fashion and impose conditions sufficient, but not greater than necessary, for the release of TIMOTHY BOWMAN.

WHEREFORE, based upon the foregoing and all of the attendant facts and circumstances, it is hereby respectfully prayed that this Court release TIMOTHY BOWMAN upon pretrial supervision, and upon each and all additional terms and conditions deemed right and appropriate by this Court to address any perceived risk of flight or dangerousness.

Respectfully submitted,

*Robert G. Wells*

ROBERT G. WELLS, ESQ.
Attorney for TIMOTHY BOWMAN
Office and Post Office Address
Suite 825; The University Building
120 East Washington Street
Syracuse, New York 13202